Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com


David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorneys for Plaintiff
GUSTAVUS MITCHELL,
individually and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GUSTAVUS MITCHELL, individually and on behalf of all others similarly situated, | : Civil Action No.: _____ |
| Plaintiffs, | : **CLASS ACTION COMPLAINT FOR** |
| | : **DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | : **PURSUANT TO THE TELEPHONE** |
| | : **CONSUMER PROTECTION ACT, 47** |
| LRE OF NEVADA, LLC d/b/a RIGHTSIZE FUNDING; and HLS OF NEVADA, LLC d/b/a NEVADA WEST FINANCIAL, | : **U.S.C. § 227, *ET SEQ.* AND NRS 41.600** |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | |
| Defendants. | |

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction because the claims arise out of violations of federal law. 28 USC § 1331; *see* 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

2. Venue is proper in the United States District Court for the District of Nevada because the Defendants are all subject to personal jurisdiction in, and are thus residents of Nevada. *See* 28 U.S.C. § 1391(c)(2).

## II. SUMMARY OF ACTION

3. Plaintiffs bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants in negligently, knowingly, and/or willfully invading Plaintiffs' privacy by using an automatic telephone dialing system ("ATDS") to initiate a telephone call to Plaintiffs on their cellular telephones without prior express consent in violation of the Telephone Consumer Protection Act ("TCPA").

4. Defendants are involved in the business of high-interest, subprime lending. On information and belief, Defendants' debt collection practices include collecting multiple "References" from borrowers under the false auspice that the contacts will only be contacted as a credit Reference. However, Defendants rarely, if ever, contact any of the References for the purposes of checking on the borrower's creditworthiness. Instead, Defendants gather the names and addresses of debtors' friends and family members for the purpose of pursuing the borrower in the event that he or she defaults on the debt.

5. On information and belief, Plaintiff and each member of the putative class was named by a friend or family member as a Reference on his or her application for a loan. On information and belief, when a borrower failed to make payments and the Defendants were unable to contact the borrowers, each of the Defendants used an ATDS—without regard to whether they are calling a number associated with a cellular phone or a landline—to contact the Plaintiffs in an attempt to locate the borrower and collect the debt.

6. Defendants did not obtain Plaintiffs' consent to contact them on their cell phones using an ATDS.

### III.   THE PARTIES

7. Plaintiff Gustavus Mitchell ("Plaintiff") is, and at all times material hereto was, a resident of Nevada.

8. Defendant LRE of Nevada, LLC d/b/a RightSize Funding ("RightSize"), is, and at all times material hereto was, a Nevada Limited Liability Company.

9. Defendant HLS of Nevada, LLC d/b/a Nevada West Financial ("Nevada West") is, and at all times material hereto was, a Nevada Limited Liability Company.

10. Defendants RightSize and Nevada West and their agents are jointly referred to as the "RightSize Defendants" Or "Defendants."

11. On information and belief, Defendants are primarily engaged in the business of providing consumers with high-interest loans for automobile purchases to consumers with addresses in the United States of America.

12. On information and belief, Defendants also provide indirect high-interest loans for automobile purchases for consumers through the dealers who sell directly to consumers.

13. The RightSize Defendants are, and at all times material hereto were, limited liability companies and "person[s]" pursuant to 47 U.S.C. § 153(39).

### IV.   THE TCPA

14. In 1991, Congress enacted the TCPA in response to "[v]oluminous consumer complaints about abuses of telephone technology . . . ." *Mims*, 565 U.S. at 370-71.

15. Congress found that automated calls were "an invasion of privacy." *Id.* at 745 (quoting Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394, 2394 (1991)).

16. Among other provisions, the TCPA regulates the use of automated telephone dialing systems ("ATDS") as defined in 47 U.S.C. §227(a)(1). Specifically, the TCPA prohibits "mak[ing] any call . . . using an [ATDS] . . . to any telephone number assigned to a . . . cellular

telephone service" unless the call is "made for emergency purposes or made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii) (2006).

## V. FACTUAL ALLEGATIONS

### A. Defendants' Business Practices

17. On information and belief, the RightSize Defendants are entities related by common ownership or control, and perform complementary and/or overlapping functions as the RightSize Defendants.

18. On information and belief, the RightSize Defendants do business through the same website, www.rightsizefunding.com.

19. On information and belief, Nevada West performs a large number of administrative and business services for RightSize, including, but not limited to, accounting, bookkeeping, compliance, and collection.

20. On information and belief, Nevada West drafts, creates, or otherwise controls, at least in part, the representations RightSize makes in written materials, including, but not limited to loan applications, advertisements, credit reporting, and the common website, rightsizefunding.com.

21. Nevada West's responsibility for compliance procedures renders it liable for the actions of the RightSize Defendants' employees and agents with respect to actions that violate state and federal laws and regulations.

22. On information and belief, when a borrower applies for a loan from RightSize he or she fills out an application (the "RightSize Application") either at the RightSize Defendants' office or in-store at one of the automobile dealer locations.

23. On information and belief, the RightSize Application requires each prospective borrower to provide contact information for several References.

24. The RightSize Application requests, among other things, the Reference's phone number.

25. On information and belief, the RightSize Application does not ask the borrower to

indicate whether the Reference's telephone number is for a landline phone or a cellular phone.

26. On information and belief, the RightSize Application does not inform the prospective borrower that the References' contact information will be used for collections purposes.

27. On information and belief, the RightSize Defendants rarely contact a prospective borrower's References for the purposes of securing credit (i.e., to verify the information on the RightSize Application).

28. Instead, the RightSize Defendants request telephone numbers for References with the intent to harass a borrower's friends and family if the borrower defaults on his or her loan.

29. On information and belief, when a borrower defaults on a loan, the RightSize Defendants' employees make initial attempts to collect on the loan.

30. On information and belief, when the RightSize Defendants are unsuccessful in collecting on delinquent accounts, they and/or their agents contact the References for a delinquent borrower at the phone number the borrower provided on his or her RightSize Application.

31. On information and belief, the RightSize Defendant use an ATDS to call a borrower's References when the account becomes delinquent.

32. On information and belief, the RightSize Defendants do not obtain the References' consent before using an ATDS to call their cellular phone numbers.

33. On information and belief, the RightSize Defendants do not call the References for emergency purposes.

34. On information and belief, the RightSize Defendants use an ATDS to contact third parties (parties other than the borrower) in the course of collecting debts.

35. On information and belief, the RightSize Defendants do not obtain the consent of third parties to use an ATDS to call their cellular phones.

36. All calls made by the RightSize Defendants that are the subject of this Complaint occurred within the four years of the date this Complaint was filed.

### B. Plaintiff Received Numerous Telephone Calls from the RightSize Defendants

37. On or about April 24, 2017 through May 23, 2017, Plaintiff received numerous telephone calls, on his cellular telephone, from an individual who identified herself as "Christina," and indicated that she was calling on behalf of RightSize Funding in an attempt to get a hold of Frances Hopkins in regards to her auto loan from RightSize Funding.

38. Plaintiff advised the RightSize Defendants at each call that while he knew of Ms. Hopkins, he had nothing to do with the loan, and demanded that they stop calling him.

39. Despite his express request that the RightSize Defendants cease contact, they continued to call him.

40. On information and belief, the RightSize Defendants used an ATDS to call Plaintiff's cellular telephone. Specifically, there would be slight pauses and a "beep" when the Plaintiff would answer the calls.

41. Upon information and belief, based on the pause and lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff.

42. At no time did Plaintiff provide the RightSize Defendants with his cellular phone number or his consent to use an ATDS calling his cellular phone number.

43. The RightSize Defendants did not call Plaintiff for emergency purposes.

### VI. CLASS ACTION ALLEGATIONS

### A. RightSize Class

44. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (the "RightSize Class").

…

…

…

45. Plaintiff proposes the following definition for the RightSize Class, subject to amendment as appropriate:

> All persons within the United States who, on or after May 30, 2013, received a non-emergency telephone call from the RightSize Defendants to a cellular telephone:
>
> 1. That was placed using an automatic telephone dialing system or an artificial or prerecorded voice;
>
> 2. Regarding a borrower other than the recipient of the call; and
>
> 3. Who did not provide prior express consent for such calls.
>
> Collectively, all these persons will be referred to as the "RightSize Class Members." Plaintiff represents, and is a member of, the RightSize Class.
>
> Excluded from the RightSize Class are the RightSize Defendants and any entities in which the RightSize Defendants have a controlling interest, the RightSize Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, and/or emotional distress.

46. Plaintiff does not know the exact number of members in the RightSize Class, but based upon the RightSize's marketing of its indirect loan product to automobile dealers, Plaintiff reasonably believes that Class members number over one thousand (1,000).

47. Plaintiff and all members of the RightSize Class have been harmed by the acts of the RightSize Defendants.

48. This Class Action Complaint seeks money damages and injunctive relief.

49. The joinder of all RightSize Class Members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by the RightSize Defendants.

50. There are well defined, nearly identical, questions of law and fact affecting all

parties. The questions of law and fact involving the class claims predominate over questions, which may affect individual RightSize Class Members. Those common questions of law and fact include, but are not limited to, the following:

  a. Whether, beginning on May 30, 2013, the RightSize Defendants made nonemergency calls to the RightSize Class Representatives' and the RightSize Class Members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

  b. Whether the RightSize Defendants can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), to make such calls;

  c. Whether the RightSize Defendants' conduct was knowing and/or willful;

  d. Whether the RightSize Defendants engaged in deceptive trade practices by: (i) knowingly making false representations in its transactions with borrowers that their "references" would be contacted as a credit reference, when, in reality, the RightSize Defendants would only contact the "references" if the borrower defaulted on his or her loan; (ii) failing to disclose a material fact in connection with the lending of money to borrowers by failing to disclose that the RightSize Defendants would contact the borrower's "references" if the borrower defaulted on his or her loan; or (iii) by violating the TCPA by contacting the RightSize Class Members on their cellular telephones using an ATDS without their prior express consent.  *See* NRS 598.0915(15), 598.0923(2)-(3).

  e. Whether the RightSize Defendants are liable for damages, and the amount of such damages; and

  f. Whether the RightSize Defendants should be enjoined from engaging in such conduct in the future.

51. As individuals who received numerous and repeated telephone calls using an ATDS without their prior express consent within the meaning of the TCPA, the RightSize Class

Representatives assert claims that are typical of each RightSize Class Member. The RightSize Class Representatives will fairly and adequately represent and protect the interests of the RightSize Class, and they have no interests which are contrary to the interests of any of the RightSize Class Members.

52. The RightSize Class Representatives have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection laws such as the TCPA.

53. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel the RightSize Defendants to comply with the TCPA and the Nevada Deceptive Trade Practices Act. The interest of the RightSize Class Members in individually controlling the prosecution of separate claims against the RightSize Defendants are small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the RightSize Class Members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

54. The RightSize Defendants have acted on grounds generally applicable to the RightSize Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the RightSize Class as a whole appropriate. Moreover, on information and belief, the RightSize Class Representatives allege that the TCPA and the Nevada Deceptive Trade Practices Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

…

…

…

## VII.   CAUSES OF ACTION

### First Cause of Action

### (Negligent Violation of the TCPA)

55.   Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 52, inclusive, as though fully set forth herein.

56.   The RightSize Defendants used an ATDS to call each of the RightSize Class Representatives and Class Members on their cellular telephones, without obtaining the express consent of the RightSize Class Representatives and Class Members, in violation of the TCPA.

57.   As a result of the RightSize Defendants' negligent violations of the TCPA, Plaintiff and Class Members are entitled to an award of five hundred dollars ($500.00) in statutory damages for each and every call in violation of the TCPA.  47 U.S.C. § 227(b)(3).

58.   The RightSize Class Representatives and Class Members are entitled to injunctive relief prohibiting the RightSize Defendants from continuing to violate the TCPA in the future.

### Second Cause of Action

### (Knowing/Willful Violation of the TCPA)

59.   Plaintiff realleges and incorporates by reference the averments contained in Paragraphs 1 through 56, inclusive, as though fully set forth herein.

60.   The RightSize Defendants used an ATDS to call Plaintiff and each of the RightSize Class Members on their cellular telephones, without obtaining the prior express consent of Plaintiff and the RightSize Class Members, in violation of the TCPA.

61.   This failure to obtain consent was willful because, on information and belief, the RightSize Defendants did not, as a matter of policy or procedure, seek express consent from Plaintiff or the RightSize Class Members prior to using an ATDS to call each of their cell phones.

62.   As a result of the RightSize Defendants' knowing or willful violations of the TCPA, Plaintiff  and each of the RightSize Class Members are entitled to an award of up to one thousand five hundred dollars ($1500.00) in statutory damages for each and every call in

violation of the TCPA.  *See* 47 U.S.C. § 227(b)(3).

63.     Plaintiff and the RightSize Class Members are entitled to injunctive relief prohibiting the RightSize Defendants from continuing to violate the TCPA in the future.

### Third Cause of Action

### (NRS 41.600(2)(e) – Deceptive Trade Practices)

64.     Plaintiff realleges and incorporates by reference the averments contained in Paragraphs 1 through 61, inclusive, as though fully set forth herein.

65.     The RightSize Defendants willfully committed an act of consumer fraud by:

a.   Knowingly making false representations in transactions to borrowers that References would be contacted for a credit reference, when, in reality, the RightSize Defendants would only contact the References if the borrower defaulted on his or her loan.  *See* NRS 598.0915(15);

b.   Failing to disclose a material fact in connection with the lending of money to borrowers by failing to disclose that the RightSize Defendants would contact the borrower's References if the borrower defaulted on his or her loan.  NRS 598.0923(2); and

c.   Violating the TCPA by contacting the RightSize Class Members on their cellular telephones using an ATDS without their prior express consent.  *See* NRS 598.0923(2).

66.     The RightSize Defendants' acts of consumer fraud caused Plaintiff and Class Members to suffer damage by invading their privacy and causing them incur additional cellular phone charges and/or lose allotted cellular phone minutes.  *See* NRS 41.600(3)(a).

67.     Plaintiff and Class Members are entitled to injunctive relief prohibiting the RightSize Defendants from continuing to violate the Nevada Deceptive Trade Practices Act in the future.  *See* NRS 41.600(3)(b).

68.     Plaintiff and the RightSize Class Members are entitled to attorneys' fees and costs.  *See* NRS 41.600(3)(c).

## VIII.  JURY DEMAND

69.	Plaintiff hereby demands a jury trial.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class Members the following relief against Defendants:

1.	As a result of RightSize's negligent violations of 47 U.S.C. § 227(b)(1), the RightSize Class Representatives seek for themselves, and each RightSize Class Member, five hundred dollars ($500.00) in statutory damages for each call the RightSize Defendants made to them, respectively.

2.	As a result of the RightSize Defendants each willful and/or knowing violation of 47 U.S.C. § 227(b)(1), the RightSize Class Representatives seek for themselves, and each RightSize Class Member, one thousand five hundred dollars ($1,500.00) in statutory damages.

3.	Injunctive relief prohibiting the RightSize Defendants from continuing to violate 47 U.S.C. § 227(b)(1).

4.	As a result of RightSize's violations of the Nevada Deceptive Trade Practices Act, the RightSize Class Representatives seek for themselves, and each RightSize Class Member: (i) damages in an amount to be determined trial; (ii) injunctive relief prohibiting RightSize from continuing to violate the Nevada Deceptive Trade Practices Act in the future; and (iii) attorneys' fees and costs.  *See* NRS 41.600(3)

5.	An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding Plaintiff is a proper representative of the RightSize Class, and appointing undersigned counsel and their law firms representing Plaintiff as counsel for the Class.

6.	Reasonable attorneys' fees and costs.

…

7. Such other relief as the Court deems just and proper.

Respectfully Submitted on May 30, 2017,

/s/ David H. Krieger, Esq.
David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

*Attorneys for Plaintiff*